B 2013) ENJAMIN B. WAGNER
United States Attorney
WILLIAM S. WONG
MICHAEL D. ANDERSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:12-CR-0207 TLN |
| Plaintiff, | GOVERNMENT'S FORMAL OBJECTIONS TO DEFENDANT SNELLINGS' PRESENCE INVESTIGATION REPORT |
| v. | |
| RYAN McGOWAN, and ROBERT SNELLINGS, | DATE: April 28, 2016<br>TIME: 9:00 a.m.<br>COURT: Hon. Troy L. Nunley |
| Defendants. | |

The United States of America, through its counsels of record, Benjamin B. Wagner, United States Attorney for the Eastern District of California, and William S. Wong and Michael D. Anderson, Assistant United States Attorneys, hereby submits is formal objection(s) to the Presentence Report.

1. <u>Obstructing or Impeding the Administration of Justice</u>

Two levels should be added to the offense level on the basis of U.S.S.G § 3C1.1-obstructing or impeding the administration of justice. The government is aware that the PSR does not take a position at this time pending additional information to be provided by the government on the issue of whether a two-level increase is appropriate for obstructing or impeding the administration of justice. Transcripts of defendant Snellings' testimony at the first trial in addition to transcripts of other witnesses' testimony in conflict with the defendant's testimony which forms the basis to conclude that the defendant obstructed justice by testifying falsely at the first trial. In addition, the government will provide the court other

evidence which supports the imposition of a two-level increase for obstructing or impeding the administration of justice.

U.S.S.G § 3C1.1-obstructing or impeding the administration of justice states that:

If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's office of conviction and any related conduct; or (B) a closely related offense, increase the offense level by 2 levels.

The Supreme Court in <u>United States v. Dunnigan</u>, 507 U.S. 87 (1993), stated that in determining what constitutes perjury to be defined as the general acceptance and common understanding under the federal criminal perjury statute, 18 U.S.C. § 1621, which defines it as a witness testifying under oath or affirmation gives false information concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. <u>Id</u>. at 94.  And if a defendant objects to a sentence enhancement resulting from his testimony, the district court must review the evidence and make independent findings necessary to establish a willful impediment or obstruction of justice, or an attempt to do the same, under the perjury definition the Supreme Court set out.  <u>Id</u>. at 95. In <u>Dunnigan</u>, the Court found the district court's finding on this enhancement to be sufficient when it stated: "The court finds that the defendant was untruthful at trial with respect to material matters in this case. [B]y virtue of her failure to give truthful testimony on material matters that were designed to substantially affect the outcome of the case, the court concludes that the false testimony at trial warrants an upward adjustment by 2 levels." <u>Id</u>.

Here, defendant Snellings testified at his first trial (which ended in a hung jury), but chose not to testify at his second trial.  Regardless, the enhancement is applicable because the defendant obstructed and impeded justice by intentionally testifying falsely and committing perjury with regards to a material matter while under oath in a judicial proceeding. There is no statutory or case authority requiring that the false testimony or perjury occur at the trial in which the jury convicted the defendant.  For example, <u>United States v. Ludwig</u>, 533 Fed.Appx.726 (9th Cir. 2013) (obstruction of justice enhancement was imposed based on a finding that the defendant provided materially false information in a related administrative proceeding); <u>United States v. Hernandez-Ramirez</u>, 254 F.3d 841 (9th Cir. 2001)

GOVERNMENT'S FORMAL OBJECTIONS TO DEFENDANT
MCGOWAN'S PRESENTENCE INVESTIGATION REPORT

2

1  (submission of a false financial affidavit to a magistrate judge for the purpose of obtaining appointed
2  counsel was sufficiently related to the offense of conviction to support a 2 level adjustment for
3  obstruction of justice); United States v. Magana-Guerrero, 80 F.3d 398 (9th Cir. 1986) (lying to a
4  pretrial services officer constitutes obstruction of justice under sentencing guidelines); and United States
5  v. Taylor, 749 F.3d 842 (9th Cir. 2014) (obstruction of justice warranted based on defendant's false
6  testimony to a judge during a bond revocation hearing).  Furthermore, the false statement presented to a
7  judge, magistrate, probation officer, or pretrial services officer does  not actually have to impede an
8  investigation or prosecution to constitute and "obstruction of justice" as that term is used in the
9  Sentencing Guidelines; instead, a false statement concert as the basis for this enhancement if it had the
10 potential to mislead or impede the machinery of justice. U.S.S.G. § 3C1.1; United States v. Boustan, 10
11 Fed.Appx. 495 (9th Cir. 2001) (unpublished).  Lastly, in United States v. Ancheta, 38 F.3d 1114 (9th Cir.
12 1994), the court found that the applicable guideline for obstruction of justice declares: "If the defendant
13 willfully obstructed or impeded… the administration of justice during the investigation, prosecution, or
14 sentencing of the instant offense, increase the offense level by 2 levels" (U.S.S.G. § 3C1.1) to be
15 mandatory, not discretionary. Id. at 1118.

16  Defendant Snellings obstructed justice and impeded the administration of justice when he falsely
17 testified at the first trial that he was unaware that the transfer of the Ruger LCP from Christopher Lenert
18 to Brent Gentilcore was illegal. RT 1188. Snellings testified that: "As far as I was concerned, it was a
19 legal transfer." RT 1188. Obviously, Snellings' motive to falsely testify to this fact was to avoid
20 criminal liability for his involvement in the transfer of an off- roster firearm by a police officer to a
21 civilian buyer. The evidence borne out at trial by documentary evidence of a credit card transaction slip
22 showing that Brent Gentilcore paid Snellings directly for the LCP and the testimony of both Lenert and
23 Gentilcore that Snellings was fully aware that the second LCP was always intended to be purchased by
24 Gentilcore from Snellings. Therefore, when Snellings assisted Lenert in filling out ATF Form 4473,
25 Snellings knew that Lenert was not the intended buyer and that the second LCP was always intended to
26 be purchased by Gentilcore. Furthermore, Lenert testified that Snellings came up with the idea for
27 Lenert to tell law enforcement officers, if questioned about the second LCP, that he purchased that gun
28 for his wife and that his wife decided she did not want it and he sold the LCP to Gentilcore. The

evidence supports a finding that Snellings obstructed or impeded the administration of justice by his false testimony.  A finding by the court that the defendant Snellings testified falsely as it relates to the transfer of the second Ruger LCP is sufficient in itself to warrant the imposition of this two-level enhancement.

Defendant Snellings' testimony relating to the firearm transfers involving codefendant McGowan, and former officer Christopher Kjellberg constitute other instances where Snellings obstructed and impeded the administration of justice by his false testimony at the first trial. The transcripts and reference to other evidence will be provided to the court in further support of a two-level increase for obstructing or impeding the administration of justice.

2.   Abuse of Position of Trust Or Use of Special Skill

Two levels should be added to the offense level on the basis of U.S.S.G. § 3B1.3-abuse of position of trust or use of special skill. Defendant Snellings is a Federal Firearms Licensee (FFL). In order to be an FFL, the law imposes upon a licensee the duty to accurately record information required on the necessary forms for a buyer to purchase or transfer a firearm. The licensee is in a position of trust imposed upon him by law to ensure that Federal firearms regulations and laws are adhered to in the purchase, sale, or transfer of firearms. By conspiring and aiding and abetting the entry of false information on ATF Form 4473, and other forms required by law and regulations, defendant Snellings abused his position of trust. The law imposes upon an FFL to determine whether or not the firearm transaction is legal. However, when an FFL is in collusion with another to violate Federal firearms laws, the FFL is acting in bad faith and in breach of his duties imposed upon the FFL, and thus, the FFL abuses his position of trust which warrants the imposition of a two-level increase to the offense level calculation.

The evidence adduced at trial and by the jury's verdict found that defendant Snellings knowingly and willfully assisted in the completion of ATF Form 4473 with codefendant McGowan, and other individuals, including, but not limited to, Christopher Lenert, and Christopher Kjellberg in transfers of

///

///

firearms in violation of law. As a result, the offense level should be increased by two levels.

Dated:  April 15, 2016  BENJAMIN B. WAGNER
United States Attorney

/s/ WILLIAM S. WONG
WILLIAM S. WONG
Assistant United States Attorney